UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

OMAR SMITH,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

---

Civil No. 13-352 (RHK/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 2006, Petitioner was indicted in the United States District Court for the Eastern District of Wisconsin. He was charged with --

Count 1: knowingly and intentionally conspiring to distribute a controlled substance involving 500 grams or more of a mixture and substance containing a detectable amount

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 841(b)(1)(B);

Count 2: knowingly and intentionally attempting to possess with intent to distribute a controlled substance involving 500 grams or more of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; and

Count 3: knowingly and intentionally carrying a firearm during and in relation to a drug trafficking crime, and possessing a firearm in furtherance of such crime, in violation of 18 U.S.C. § 924(c)(1)(A).[2]

In September 2006, Petitioner entered into a plea agreement, by which he pled guilty to the offenses charged as Count 1 and Count 3 of the indictment. Count 2 was dismissed by the terms of the plea agreement. In January 2007, Petitioner was sentenced to 87 months in prison for his conviction on Count 1, plus an additional 60 months for his conviction on Count 3. The sentences were made consecutive, so Petitioner's aggregate sentence was 147 months. He is currently serving his sentence at the Federal Medical Center in Rochester, Minnesota.

Petitioner did not file a direct appeal following his conviction and sentence, and it appears that he has never applied for post-conviction relief under 28 U.S.C. § 2255. (See fn. 2, supra.) In fact, it appears that Petitioner never challenged his conviction or his sentence by any means before he filed his current application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

---

[2] The trial court record for Petitioner's federal criminal case in the Eastern District of Wisconsin – United States v. Smith, Case No. 06-CR-160 – is accessible to the Court by means of the Case Management – Electronic Case Filing system, ("CM/ECF"), that is maintained by the federal judiciary. Therefore, the Court has been able to review the documents of record in that case, including the indictment described in the text.

Petitioner filed his current self-styled habeas corpus petition on February 11, 2013. He now claims that his conviction and sentence in the Eastern District of Wisconsin should be vacated because of alleged flaws in the charging documents that precipitated his conviction and sentence. Petitioner contends that --

* he "was charged inconsistent with Federal Law;"

* "the initial Complaint put before and signed by the Magistrate contained erroneous information;"

* "[n]o cocaine was involved in [his] arrest;"

* "[t]he Charging Document incorrectly refers to Petitioner's offense as a violation of 21 U.S.C. § 841 and § 846;"

* a "Police Property Inventory" includes a reference to " 2 Kilograms Cocaine (Non-Cocaine)" and "Counterfeit;"

* the same inventory also includes a reference to "Marijuana" and "Counterfeit;"

* he "was convicted for 'non-cocaine,' which under Federal Law is an act that Congress and the law does not make criminal."

(Petition, [Docket No. 1], pp. 2-4.)

As far as the Court can tell, Petitioner is claiming that his conviction should be vacated, because the substance that he was accused of conspiring to distribute was not actual cocaine (or marijuana), but a "counterfeit" substance. He claims that he "did not possess an illegal substance." (Id., p. 4.)

For the reasons discussed below, the Court finds that Petitioner's current habeas corpus petition cannot be entertained in this District, and this action must be summarily dismissed for lack of jurisdiction.

3

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). A federal court lacks jurisdiction to hear a prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

4

In this case, Petitioner obviously is challenging the validity of his federal criminal conviction in the Eastern District of Wisconsin. He appears to be claiming that his conviction should be vacated because he did not actually possess any illegal substance. <u>Because Petitioner is directly challenging the validity of his conviction and sentence, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.</u>[3] However, Petitioner has made no effort to show that the savings clause could properly be applied in this case, and it is readily apparent that, in fact, the savings clause is <u>not</u> applicable here.

Petitioner might believe that the savings clause should be applicable simply because he is not presently eligible for relief under § 2255, due to the expiration of the one-year statute of limitations that applies to § 2255 motions. (<u>See</u> n. 3, <u>supra</u>.) That notion must be rejected. The § 2255 statute of limitations would be rendered meaningless if a prisoner who is time-barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. The Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255

---

[3] In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can be construed to be a motion brought under § 2255, and the matter can then be transferred to the original trial court so the prisoner's claims can be addressed on the merits there. However, it appears that Petitioner is precluded from seeking relief under § 2255 because of the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f). Therefore, it would not be appropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

5

motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963.

Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief in a direct appeal, or in a timely § 2255 motion. Petitioner has cited no new law, and he has presented no new evidence, that was previously unavailable to him. He cannot claim that § 2255 is "inadequate or ineffective" simply because he failed to raise his current claims for relief on direct appeal or in a timely § 2255 motion. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").

As the Court of Appeals pointed out in Abdullah –

"[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that

6

> he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on Abdullah, the Court finds that the savings clause is not applicable for Petitioner's current claims, because he has not shown, (or even suggested), that his claims could not have been raised before now. Because Petitioner had an adequate procedural opportunity to raise his current claims in the past, he is barred from bringing those claims in a § 2241 habeas corpus petition at this time. See Abdullah, 392 F.3d at 963 ("'[The savings clause] does not exist to free a prisoner of the effects of his failure to raise an available claim earlier'"), (quoting Wolford, 177 F.3d at 1245).

### III. CONCLUSION

Petitioner's § 2241 habeas corpus petition directly challenges the legality of his conviction and sentence in his criminal case in the Eastern District of Wisconsin. Therefore, the claims that Petitioner is attempting to raise in his petition cannot be adjudicated on the merits in a § 2241 habeas corpus proceeding, unless the savings clause is applicable. Because Petitioner's current claims for relief could have been raised in a direct appeal, or in a timely § 2255 motion, the savings clause is not applicable here. Because the savings clause is not applicable, this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner failed to show that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to

7

consider his claim in a § 2241 petition").[4]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DISMISSED** for lack of jurisdiction.

Dated: February 19, 2013

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before March 6, 2013.

---

[4] As an aside, the Court notes that Petitioner was charged with, and convicted for, conspiring to distribute cocaine. Actual possession of genuine cocaine does not appear to be an element of that offense. Therefore, Petitioner presumably could be convicted for conspiracy, even if he never actually took possession of a genuine controlled substance. See United States v. Pietri, 683 F.2d 877, 879 (5th Cir.1982) ("The crime of conspiracy is complete upon the formation of the illegal agreement. The fact that the cocaine which they thought they were receiving was a fake substance does not affect their intent to obtain the genuine article.")

8